United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 6, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-41084
Summary Calendar

UNITED STATES OF AMERICA,

                                                              Plaintiff-
                              Appellee,

                    versus

MARIO ALBERTO LOPEZ-MARTINEZ,
True Name, Mario Alejandro Lopez-Martinez,

                                                      Defendant-
                              Appellant.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-424-1
-------------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Mario Alberto Lopez-Martinez (Lopez) appeals from his conviction of illegal reentry following deportation pursuant to 8 U.S.C. § 1346.

    Lopez challenges the constitutionality o f 8 U.S.C.§ 1326(b). His constitutional challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Although Lopez

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that *Almendarez-Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez-Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez-Torres* remains binding. *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Lopez properly concedes that his argument is foreclosed in light of *Almendarez-Torres* and circuit precedent, but he raises it here to preserve it for further review.

Lopez contends that the district court erred by sentencing him under the then-mandatory guideline sentencing scheme that was rendered advisory in *United States v. Booker*, 125 S. Ct. 738 (2005). He argues that his sentence must be vacated and his case remanded for resentencing unless the Government can show beyond a reasonable doubt that the district court's error was harmless. The Government agrees that the harmless-error standard applies, and it waives any argument that the error at Lopez's sentencing was harmless. The Government "does not oppose a remand for resentencing." Because the Government waives any harmless-error argument, Lopez's sentence is vacated, and the case is remanded for resentencing.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.